IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QUANTUMSOFT, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>SATELLITE MOVING DEVICES GROUP B.V. and PAUL SISNETT, Individually,<br><br>Defendants | C.A. No. 23-00398-MN-LDH<br><br>FILED<br><br>MAY 29 2024<br><br>U.S. DISTRICT COURT DISTRICT OF DELAWARE |

### REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff QuantumSoft, Inc.'s ("QuantumSoft") Motion for Default Judgment. (D.I. 16, the "Motion"). I recommend that the Motion be GRANTED.

**I.    BACKGROUND**

QuantumSoft is a provider of complex integrated software solutions. In or around February of 2022, QuantumSoft began providing numerous technical services for Satellite Moving Devices Group B.V. ("Satellite") and Paul Sisnett ("Sisnett", and together with Satellite, "Defendants") in the form of software development and related enhancements. (D.I. 1 ¶ 1). In March of 2022, the parties entered into a written agreement between Sisnett, as CEO on behalf of Satellite, and QuantumSoft (the "Agreement") regarding QuantumSoft's services to Defendants. In accordance with the terms of the Agreement, QuantumSoft provided in excess of 500,000€ of services to Defendants. Despite invoicing Defendants pursuant to the terms of the Agreement and demanding payment in full, QuantumSoft alleges that four invoices remain unpaid: a September 2, 2022 invoice in the amount of 103,817.00€; an October 6, 2022 invoice in the

1

amount of 86,695.00€; a November 3, 2022 invoice in the amount of 91,555.00€; and a December 5, 2022 invoice in the amount of 73,195.00€. (*Id.* ¶¶ 34-35).

QuantumSoft initiated this action on April 10, 2023 seeking 355,262€ from Defendants pursuant to the terms of the Agreement. (*Id.* ¶ 35). Plaintiff sent a copy of the Complaint and Summons via email to Defendants and requested that Defendants accept service via email. (D.I. 6 at 2). Defendants did not respond. Thereafter, QuantumSoft sought an order from the Court pursuant to Fed. R. Civ. P. 4(f)(3) authorizing service on Defendants via email, Slack.com, and overnight delivery rather than serving Defendants—who are located in the Netherlands, a signatory to the Hague Convention—pursuant to the Hague Convention. (D.I. 5). Because the Defendants are at a known location, however, and because QuantumSoft had not attempted service under the Hague Convention, its motion was denied. (D.I. 10).

Service of process pursuant to the Hague Convention on Sisnett and Satellite was completed on July 28, 2023. (D.I. 11, 12). QuantumSoft then filed a Request for Entry of Default on October 16, 2023 (D.I. 14), a copy of which was delivered by First Class United States Mail to Defendants (D.I. 14-5). The Clerk entered default against Defendants on October 23, 2023. (D.I. 15).

QuantumSoft proceeded to file the instant Motion seeking "355,262€, plus pre-judgment interest at the statutory rate of 10.5% calculated per annum from December 20, 2022 through and including the date of the judgment order, and post-judgment interest, calculated from the date of the judgment order in accordance with the statutory rate pursuant to 6 Del. C. § 2301, without compounding, until the judgment is paid in full." (D.I. 16). QuantumSoft delivered the Motion to Defendants by Federal Express. (D.I. 16-2). I directed QuantumSoft to file a declaration with documentation detailing and substantiating its requested damages. (D.I. 19). QuantumSoft did

so (D.I. 21) and I subsequently held a telephonic hearing.[1] Defendants have not entered an appearance and did not participate in the hearing. At the hearing, I directed QuantumSoft to file additional documentation proving that Defendants were made aware of the developments in this case, including the Court's Oral Order setting a hearing on the Motion. QuantumSoft filed a letter showing that the relevant documents had been sent to Defendants via Federal Express, with proof of delivery. (D.I. 22). I then ordered QuantumSoft to either file a letter demonstrating the Court's authority to enter a judgment Euros, or submit a new motion and proposed order seeking entry of default judgment in U.S. Dollars that includes support for the proposed date and rate of conversion. (D.I. 23). QuantumSoft did so and requested a judgment in Euros. (D.I. 24).

## II. LEGAL STANDARD

Entry of default judgment is a two-step process. *Tristrata Tech., Inc. v. Med. Skin Therapy Research, Inc.*, 270 F.R.D. 161, 164 (D. Del. 2010). First, the party seeking a default judgment must request that the Clerk of Court enter default against the party that has failed to answer the pleading or otherwise defend itself in the action. Fed. R. Civ. P. 55(a); *see also J & J Sports Prod., Inc. v. Kim*, C.A. No. 14-1170-LPS, 2016 WL 1238223, at *1 (D. Del. Mar. 29, 2016). After default has been entered, a plaintiff may obtain a default judgment. Fed. R. Civ. P. 55(b); *see also J & J Sports Prod.*, 2016 WL 1238223, at *1. If the plaintiff is seeking relief in the form of a sum certain, it may obtain a default judgment from the Clerk of Court. Fed. R. Civ. P. 55(b)(1); *see also J & J Sports Prod.*, 2016 WL 1238223, at *1. Otherwise, "the party seeking

---

[1] Rule 55(b)(2) provides that a court may conduct an evidentiary hearing to ascertain the amount of damages. Fed. R. Civ. P. 55(b)(2). However, "Rule 55 does not require that testimony be presented as a prerequisite to the entry of a default judgment[.]" 10A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2688 (3d ed. 2007); *see also Securities and Exchange Commission v. Krimm*, No. 17-464-RDM, 2019 WL 2270437, at *5 (D. Del. May 28, 2019). I am satisfied that the briefing and supporting declarations submitted by QuantumSoft in support of its motion for entry of default judgment, in addition to the uncontroverted factual allegations in the Complaint, obviate the need for an evidentiary hearing in this case.

3

default judgment must apply to the court for an entry of default judgment." *Tristrata Tech.*, 270 F.R.D. at 164.

Courts have discretion over whether to enter a default judgment in a particular case. *See Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984). The court considers three factors when determining if default judgment is appropriate: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). For purposes of that determination, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Genedics, LLC v. Meta Co.*, C.A. No. 17-1062-CJB, 2019 WL 3802650, at *3 (D. Del. Aug. 13, 2019) (quoting *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990)).

Finally, "[i]n assessing a motion for default judgment, the court should take the necessary steps to establish damages with reasonable certainty." *Bd. of Trs., Plumbers & Pipefitters Loe. Union No. 74 Pension Fund v. Mep Nationwide, LLC*, C.A. No. 21-503-MN, 2022 WL 2951690, at *4 (D. Del. July 26, 2022), *report and recommendation adopted*, 2022 WL 3354 702 (D. Del. Aug. 12, 2022); *see also Palmer v. Slaughter*, C.A. No. 99-899-GMS, 2000 WL 1010261, at *2 (D. Del. July 13, 2000) ("The court . . . is required to calculate the appropriate amount of damages. It cannot simply accept the plaintiffs representations on this subject as being true.").

### III.  DISCUSSION

#### A. Liability

The relevant factors weigh in favor of entering default judgment on QuantumSoft's claims. QuantumSoft alleged in the Complaint that Defendants breached the Agreement by failing to pay QuantumSoft in full for services provided pursuant to the Agreement. *(see*

4

*generally* D.I. 1). I accept this allegation as true for the purposes of this motion, *see Genedics*, 2019 WL 3802650 at *3, and I further note that the Agreement and invoices have been produced in support of QuantumSoft's claim. (D.I. 21; D.I. 21-1). QuantumSoft will undoubtedly suffer prejudice if this Motion is denied because it would otherwise be unable to recover damages for Defendants' breaches. The first factor accordingly weighs in favor of granting this motion.

The second and third factors likewise weigh in favor of granting this motion. There is no immediately apparent litigable defense, and Defendants have of course not asserted any. Defendants have also failed to appear to answer the allegations or otherwise litigate this action despite having been served with the pleadings via the Hague Convention and with this pending motion via Federal Express, and so Defendants are culpable for the delay in the progress of this action.

### B. Damages

Finding that the entry of default judgment is appropriate, I now turn to the remedy. QuantumSoft seeks monetary relief equal to the unpaid balance of 355,262€ plus pre- and post-judgment interest. QuantumSoft has substantiated its request for this amount by providing a series of invoices (D.I. 21-1) and an explanation of how they add to the asserted unpaid balance (D.I. 17; D.I. 21). After reviewing these documents, I conclude that the amounts requested appear consistent with the evidence.

I turn to whether the Court may enter judgment in Euros. Conversion of "foreign currency amounts into dollars at judgment is the norm, rather than the exception." *G. Geerlings Exp. B.V. v. Van Hoekelen Greenhouses, Inc.*, C.A. 15-1292, 2017 WL 2692001, at *5 (M.D. Pa. June 21, 2017) (quoting *Continental Transfert Technique Ltd. v. Fed. Gov't of Nigeria*, 932 F. Supp. 2d 153, 162-63 (D.D.C. 2013), *aff'd*, 603 Fed. Appx. 1 (D.C. Cir. 2015)). But a United

States court is not precluded from entering judgment in a foreign currency. *See ReliaStar Life Ins. Co. v. IOA Re, Inc.*, 303 F.3d 874, 883 (8th Cir. 2002) (citing Restatement (Third) of Foreign Relations Law § 823 (1987) (noting that U.S. courts "ordinarily give judgment on causes of action arising in another state, or denominated in a foreign currency, in United States Dollars, but they are not precluded from giving judgment in the currency in which the obligation is denominated or the loss was incurred")). "[A] judgment in a foreign currency should be issued only when requested by the judgment creditor." *Continental*, 932 F. Supp. 2d at 158; *Siematic Mobelwerke GmbH & Co. KG v. Siematic Corp.*, 643 F. Supp. 2d 675, 688 (E.D. Pa. 2009) (recognizing court's authority to enter judgment in foreign currency consistent with *ReliaStar* and the Restatement (Third) of Foreign Relations Law but issuing judgment in dollars consistent with judgment creditor's request). Courts within the Third Circuit, including in the District of Delaware, have entered judgment in Euros when requested by the plaintiff. *See The Impact Group, Inc. v. Pik Zemun*, C.A. No. 08-798-HB at D.I. 10 (D. Del. Dec. 5, 2008); *Hegrenes v. Nilsen*, C.A. No. 16-2271-MCA, 2021 WL 8129523, at *3 (D.N.J. Dec. 1, 2021).

Here, QuantumSoft seeks entry of judgment in Euros (D.I. 16), the parties' agreement contemplated payment in Euros (D.I. 21-1 at Ex. A; Ex. B), invoices were issued in Euros (D.I. 21-1 at Ex. D; Ex. E; Ex. F; Ex. G; Ex. H, Ex. I), partial payments were made in Euros (D.I. 21 ¶ 29), and the Complaint identifies losses suffered in Euros (D.I. 1 ¶¶ 34-35, 44, 48, 51-52). There is no evidence before me suggesting that an award in U.S. Dollars rather than Euros "would further the goals of making the creditor whole or avoiding unjust reward to the debtor." *Siematic*, 643 F. Supp. 2d at 688. Therefore, I recommend that judgment entered for QuantumSoft be in Euros. I further recommend adopting QuantumSoft's proposal that, should QuantumSoft seek to enforce this judgment in United States courts, QuantumSoft may submit an

affidavit calculating the conversion of Euros to U.S. dollars so that the Court may enter an amended judgment. (D.I. 24 at 3 n.1) (citing *Hegrenes*, 2021 WL 8129523, at *3 n. 5).

In sum, having considered the applicable law, QuantumSoft's submissions, and the evidence presented, I find that the requested relief is appropriate. QuantumSoft is entitled to damages equal to Defendants' unpaid balance of 355,262€ plus pre-judgment interest in U.S. Dollars at the statutory rate of 10.5% calculated per annum from December 20, 2022 through and including the date of this Court's judgment Order, and post-judgment interest in U.S. Dollars, calculated from the date of this Court's judgment Order in accordance with the statutory rate pursuant to 6 Del. C. § 2301, without compounding, until the judgment is paid in full.[2] I further recommend that QuantumSoft be ordered to file an amended form of judgment that calculates its total pre-judgment interest award.

## IV. CONCLUSION

For the foregoing reasons, I recommend that the Court grant the Motion. QuantumSoft is directed to serve a copy of this Report and Recommendation on Defendants in the same manner that it served Defendants with the Complaint and related motions, and it shall file proof of such service with the Court.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), (C), Federal Rule of Civil Procedure 72(b)(1), and D. Del. LR 72.1. Any objections to the Report and Recommendation shall be filed within fourteen days and limited to ten pages. Any response shall be filed within fourteen days thereafter and limited to ten pages. The failure of a party to object to legal conclusions may result in the loss of the right to *de novo* review in the District Court.

---

[2] QuantumSoft does not seek interest in a foreign currency.

The parties are directed to the Court's "Standing Order for Objections Filed Under Fed. R. Civ. P. 72," dated March 7, 2022, a copy of which can be found on the Court's website.

Dated: May 29, 2024

_____
Hon. Laura D. Hatcher
United States Magistrate Judge